IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AUDUBON ENGINEERING COMPANY, :
LLC and AUDUBON ENGINEERING :
SOLUTIONS, LLC, :
                         :
       Plaintiffs and :
       Counter Defendants, :
                         : C.A. No. 13-1248-LPS
                         :
INTERNATIONAL PROCUREMENT :
AND CONTRACTING GROUP, LLC, :
                         :
       Defendant and :
       Counter Claimant :

Andrew D. Cordo, Esquire, F. Troupe Mickler IV, Esquire
Ashby & Geddes, Wilmington, Delaware

    Attorneys for Plaintiff.

Evan O. Williford, Esquire
The Williford Firm LLC, Wilmington, Delaware

Sheldon S. Toll, Esquire
Law Office of Sheldon S. Toll PLLC, Southfield, Michigan

    Attorneys for Defendants.

## **MEMORANDUM OPINION**

July 6, 2015
Wilmington, Delaware.


STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiffs Audubon Engineering Company, LLC and Audubon Engineering Solutions, LLC (collectively, "Audubon" or "Plaintiffs") filed this suit for breach of contract against International Procurement and Contracting Group, LLC ("IPCG" or "Defendant"). IPCG asserted counterclaims for breach of contract, negligence, and breach of the implied covenant of good faith and fair dealing. Presently before the Court are Plaintiffs' Motion for Summary Judgment (D.I. 35), Plaintiffs' request for attorneys' fees and court costs (D.I. 36 at 17-18), and Plaintiffs' Motion to Exclude Opinions of John C. Bourdon (D.I. 47). For the reasons that follow, the Court will grant Plaintiffs' Motion for Summary Judgment, grant Plaintiffs' request for attorneys' fees and court costs, and deny as moot Plaintiffs' Motion to Exclude Opinions of John C. Bourdon.

## II. BACKGROUND

### A. Factual Background

On March 21, 2012, Audubon and IPCG entered into a settlement agreement ("the Agreement") to resolve litigation pending in the United States District Court for the Eastern District of Michigan. (D.I. 37, ex. 2) As a result of the Agreement, Audubon agreed to perform work pursuant to a proposal attached to the Agreement ("the Proposal"). (D.I. 37, ex. 2 at 2) Pursuant to Contract #1 of the Proposal, Audubon was to perform three milestones (*id.*, ex. 2, Proposal at 17). Certain terms of the Proposal were modified in the Agreement, none of which is relevant in resolving the instant motions. (*Id.*, ex. 2 at 2). Except as modified in the Agreement, the payment terms, dates, and services were to be performed as per the Proposal. (*Id.*, ex. 2 at 3)

1

Milestone 1 was completed by the award of Contract #1 to Audubon, and IPCG made the required $200,000.00 payment to Audubon. (D.I. 36 at 5)

The disputes in this suit focus on Milestones 2 and 3. Milestone 2 required Audubon to issue engineering drawings for approval. (D.I. 2, ex. 2, Proposal at 17) Milestone 3 required Audubon to issue Major Equipment Procurement Packages for purchase. (*Id.*) During the work on Milestone 2, a dispute arose regarding IPCG's requests for certain drawings in native, changeable format. (*See* D.I. 37, ex. 4 at 1-2) Audubon asserted that the native files and simulations are its intellectual property, and refused the request, arguing nonetheless that Audubon was complying with its standards as incorporated by the Agreement. (*Id.* at 1) IPCG requested other items, which Audubon alleges were outside of the scope of Contract #1 and could not be provided. (*Id.*, ex. 11; *id.* ex. 12) In addition to the native files, IPCG requested that Audubon modify its deliverables under Milestone 2 to use SI units rather than English units; the parties executed a Change Order memorializing that Audubon would perform this extra work at an additional cost of $40,320.00. (D.I. 37, ex. 9) Audubon billed IPCG for its performance on Milestone 2, excluding the Change Order, and Audubon was paid in full on September 12, 2012. (*Id.* ex. 10; D.I. 36 at 7)

With respect to Milestone 3, Audubon asserts that it performed the work and issued bid packages on October 15, 2012. (D.I. 37, ex. 13; *id.*, ex. 14 at 3) Audubon asserts that it received no comments from IPCG on performance of Milestone 3, and that it issued an invoice seeking payment of $560,320.00 for both the bid packages under Milestone 3 and the Change Order. (*Id.* ex. 15; *see also* D.I. 9 at ¶ 15 (admitting existence of invoice)) IPCG would not pay until the native drawings were released, and Audubon would not release the native drawings until a

2

liability release was signed for the drawings. (D.I. 37, ex. 19 at 3) Audubon asserts that IPCG never signed the release, and thus Audubon never provided the files. (*Id.*, ex. 21) A dispute also arose about provision of certain drawings related to civil construction of the project foundation and skids, which Audubon asserts were required under Contract #3 rather than Contract #1, and could not be provided until vendors were chosen. (D.I. 36 at 6; D.I. 37, ex. 11; D.I. 37, ex. 12)

### B. Procedural History

On June 17, 2013, Plaintiffs filed this action against Defendant in the Superior Court of the State of Delaware in and for New Castle County. (D.I. 1 at ¶ 1) On July 18, 2013, Defendant filed a notice of removal in this Court pursuant to 28 U.S.C. § 1441, alleging jurisdiction under 28 U.S.C. § 1332(a)(1). (D.I. 1) On August 8, 2013, Defendant filed its Answer, asserting three counterclaims against Plaintiffs. (D.I. 9) On November 14, 2014, Plaintiffs filed the instant Motion for Summary Judgment. (D.I. 35) Briefing was completed on January 12, 2015. (D.I. 36; D.I. 37; D.I. 39; D.I. 40; D.I. 41)

## III. LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that

3

the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal citation omitted). However, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a

4

scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the non-moving party. *Anderson,* 477 U.S. at 252.

## IV. DISCUSSION

### A. Audubon and IPCG's Claims for Breach of Contract

Audubon and IPCG's claims for breach of contract ultimately present the same issue. Audubon argues that it performed its obligations under the Agreement and that IPCG's failure to pay was a breach of contract, while IPCG argues that Audubon breached the contract and, therefore, IPCG's refusal to pay was justified. It is difficult from IPCG's briefing to follow its theory of breach of contract. In its counterclaim, IPCG alleged that Audubon failed to provide certain drawings IPCG requested, including the civil drawings and native files of its deliverables, and IPCG continued to assert this argument in its responses to interrogatories. (D.I. 37, ex. 24 at 2-3) In the briefing, however, IPCG's argument is that Audubon failed to perform Audubon's obligations under Milestone 3 and that Audubon failed to present the civil drawings. Indeed, the only issues of material fact that are contested by IPCG are those relating to the bid packages and those related to the civil drawings. (D.I. 39 at 2-3) The Court will consider only those arguments raised in IPCG's opposition brief, as IPCG has failed to argue that there is any dispute of material fact on the remaining factual assertions by Audubon. *See* Fed. R. Civ. P. 56(e)(2).

With respect to the civil drawings requested, the Proposal is explicit that civil drawings, including foundations and skids, are part of Contract #3, specifically Milestone 11, rather than Contract #1. (D.I. 37, ex. 2, Proposal at 16) There is no dispute that only Contract #1 was awarded to Audubon and, thus, the express terms of the Agreement and Proposal do not obligate

5

Audubon to provide civil drawings. (*Cf. id.*, ex. 2 at 3 (awarding Contract #1 but not Contracts #2 or #3)) There is no basis from which the Court could find that Audubon's failure to provide these civil drawings constituted a breach of the express terms of the Agreement. Accordingly, it is immaterial to these claims whether Audubon provided civil drawings to IPCG.

With respect to the bid packages that were required to be issued under Milestone 3, IPCG has not shown that there is a genuine issue of material fact. Audubon has presented evidence to support that the bid packages were sent out for delivery around October 16, 2012. (D.I. 37, ex. 13; *id.*, ex. 14) Although IPCG argues that there is a genuine issue of material fact and purports to identify three pieces of evidence to support its arguments, none of its evidence is relevant to this issue. The first is a portion of the deposition of Shakir W. Alkhafaji, in which Alkhafaji states that Audubon did not complete its work. (D.I. 39, ex. D at 130) However, in context it is clear that Alkhafaji was referring to production of engineering drawings, not to the bid packages. (*Id.* at 129-30) Thus, this testimony is irrelevant to the performance of Milestone 3. The second piece of "evidence" is a citation to the allegations in IPCG's counterclaim. (D.I. 9 at ¶ 58) However, allegations in the pleadings cannot be used to create a genuine issue of material fact in opposition to a motion for summary judgment. *See Celotex Corp.*, 477 U.S. at 324.

The third piece of evidence is the expert report of John Bourdon that IPCG presents in opposition to summary judgment. (D.I. 39, ex. A; D.I. 40, ex. A) However, as Audubon argued in its reply (D.I. 41 at 5 n.5; *see also* D.I. 48 at 3-6), this report falls well short of complying with the requirements of Rule 26(a)(2)(B) and, therefore, the Court will not consider it. For example, the report fails to include "the facts or data considered by the witness in forming [his opinions]," "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at

6

trial or by deposition;" and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(ii), (v), (vi). Indeed, IPCG provides no argument in opposition to the related Motion to Exclude addressing these specific shortcomings or explaining how the expert report can be considered in light of IPCG's non-compliance. (*See* D.I.. 50 at 1-3) In any event, even if this report were to be considered, it does not address the bid packages, but instead focuses on the native drawings and civil drawings.

IPCG has raised no genuine dispute of material fact as to whether Audubon performed its obligations under the Agreement. Indeed, IPCG has admitted that it did not pay Audubon for performance of Milestone 3 or the Change Order. (D.I. 9 at ¶ 16; *see also* D.I. 37, ex. 20 at 3) Thus, the undisputed facts show that IPCG breached the contract.

It is undisputed that the damages to Audubon are $560,320.00, which was the amount owed under the invoice, plus pre- and post-judgment interest. (D.I. 37, ex. 15; *see also* D.I. 37, ex. 2, Proposal at 17 (indicating that $520,000.00 was to be paid for Milestone 2); D.I. 37, ex. 9 (Change Order indicating cost of $40,320.00)) Accordingly, the Court will enter judgment in Audubon's favor on its claim for breach of contract, for the amount of $560,320.00 plus pre- and post-judgment interest. The Court will also enter judgment in Audubon's favor on Defendant's breach of contract counterclaim.

### B.  IPCG's Claim for Negligence

IPCG included in its answer a counterclaim for negligence. (D.I. 9 at ¶¶ 60-64) Audubon argues that this claim is an impermissible attempt by IPCG to turn a contract claim into a tort claim. (D.I. 36 at 12-13) IPCG did not respond to this argument. The negligence claim arises out of Audubon's "negligence by breaching its duty to use reasonable care in performing its

7

obligations under the contract." (D.I. 9 at ¶ 62) However, under Delaware law, "in order to assert a tort claim along with a contract claim, the plaintiff must generally allege that the defendant violated an independent legal duty, apart from the duty imposed by contract." *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 889 (Del. Ch. 2009). IPCG has failed to do so. Accordingly, summary judgment for Audubon on this claim is proper.

### C. IPCG's Claim for Breach of the Covenant of Good Faith and Fair Dealing

Audubon argues that IPCG's counterclaim for breach of the implied covenant of good faith and fair dealing fails as a matter of law. (D.I. 36 at 13-14) In particular, Audubon contends that IPCG has failed to allege a specific implied contractual provision, as required under Delaware law. (D.I. 36 at 12-13) IPCG did not respond to this argument.

Under Delaware law, a party claiming breach of the implied covenant of good faith and fair dealing "must allege a specific implied contractual obligation and allege how the violation of that obligation denied the plaintiff the fruits of the contract." *Kuroda*, 971 A.2d at 888. "General allegations of bad faith conduct are not sufficient." *Id.* A party's failure to supply both a specific implied contractual obligation and the breach of the obligation is fatal to a claim of breach of the implied covenant of good faith and fair dealing. *See Kyle v. Apollomax, LLC*, 987 F. Supp. 2d 519, 528 (D. Del. 2013). All that IPCG has alleged is the same acts that were the basis for both the express breach of contract and the negligence claim. IPCG has put forth no evidence to "prove[] that [Audubon] has acted arbitrarily or unreasonably, thereby frustrating the fruits of the bargain that [IPCG] reasonably expected." *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010). Therefore, as with breach of contract and negligence, summary judgment for Audubon on this claim is proper as well.

8

### D. Audubon's Request for Attorneys' Fees and Court Costs

Audubon requests that, in the event that its Motion for Summary Judgment is granted, the Court award attorneys' fees and court costs in accordance with the Agreement. Paragraph 11 provides the following:

> If any of the parties hereto commences any action to enforce, interpret, or challenge the terms of this Agreement, the prevailing Party in any such action shall be entitled to recover its attorneys' fees and court costs, along with other reimbursable litigation expenses, including expert witness fees and attorney and witness travel expenses, and including all attorneys' fees and costs incurred in enforcing any judgment or in collecting upon any amounts that may be awarded in any such action.

(D.I. 37, ex. 2 at 6) The Agreement is governed by Delaware law (*id.* at 7-8), and under Delaware law, contractual fee-shifting provisions are enforced. *See SIGA Techs., Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 352 (Del. 2013) (citing *Mahani v. Edix Media Grp., Inc.*, 935 A.2d 242, 245 (Del. 2007)). IPCG has not contested the application of this provision in opposition to summary judgment, and the Court finds that the terms of this provision plainly apply to this action. Accordingly, Audubon, as the prevailing party, is entitled to attorneys' fees. Audubon shall submit a statement specifying the amount sought pursuant to the requirements of Federal Rule of Civil Procedure 54(d)(2).

### E. Motion to Exclude

Because summary judgment has been granted, Plaintiffs' Motion to Exclude will be denied as moot.

## V. CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs' motion for summary judgment is

9

granted, Plaintiffs' request for attorneys' fees is granted, and Plaintiffs' motion to exclude is denied as moot. An appropriate Order follows.