IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUDUBON ENGINEERING COMPANY, LLC and AUDUBON ENGINEERING SOLUTIONS, LLC, | : : : : : | |
| Plaintiffs and Counterclaim-Defendants, | : : : | |
| v. | : : : | C.A. No. 13-1248-LPS |
| INTERNATIONAL PROCUREMENT AND CONTRACTING GROUP, LLC, | : : : : | |
| Defendant and Counterclaim-Plaintiff. | : : : : | |

**MEMORANDUM ORDER**

At Wilmington this **21st** day of **March, 2016**:

Having reviewed the parties' filings (D.I. 58, 59, 59-1, 59-2, 62, 65) related to Plaintiffs Audubon Engineering Company, LLC and Audubon Engineering Solutions, LLC's ("Plaintiffs" or "Audubon") Statement of Attorneys' Fees and Litigation Expenses (D.I. 58) and Defendant International Procurement and Contracting Group, LLC's ("Defendant") Objections to Plaintiffs' Statement of Attorneys' Fees and Litigation Expenses (D.I. 62) ("Defendant's Objections"),

**IT IS HEREBY ORDERED** that, for the reasons stated below, Defendant's Objections are **OVERRULED** and Defendant shall pay Plaintiffs **$189,379.11** for attorneys' fees and litigation expenses incurred by Plaintiffs in this action.

1. In the Court's Opinion granting Plaintiffs' motion for summary judgment, the Court held that "Audubon, as the prevailing party, is entitled to attorneys' fees" and ordered

1

Audubon to "submit a statement specifying the amount sought pursuant to the requirements of Federal Rule of Civil Procedure 54(d)(2)." (D.I. 56 at 9) Audubon submitted a statement requesting $189,379.11 in attorneys' fees and litigation expenses. (D.I. 58) Defendant objected to the statement on three grounds: (1) Plaintiffs failed to "allocate their attorneys' fees and litigation expenses between (i) enforcing the Settlement Agreement, which is covered under the attorneys' fees provision of the Settlement Agreement, and (ii) the collection action for the unpaid portion of their engineering fees, which is not covered," (2) Plaintiffs' attorneys did not submit to the Court "an oath that the fees are reasonable," and (3) one of Plaintiffs' attorneys, Mr. Mickler, billed an excessive amount of time for his work related to this action and his hourly rate of $300-$340 was "inappropriate" for a lawyer having about 3-6 years of experience. (*See* D.I. 62)

2. Regarding Defendant's first argument, to the extent Defendant asks the Court to reconsider its decision (D.I. 56 at 9) to award Plaintiffs attorneys' fees and litigation expenses, the Court declines to do so. In addition, the Court rejects Defendant's argument that Plaintiffs failed to allocate their requested fees and expenses between time spent enforcing the Settlement Agreement and time spent working on a "collection action to recover for engineering services performed by Plaintiffs" under a contract for engineering services. (*See* D.I. 62 at 2) The Settlement Agreement expressly provides that the "contract for engineering services" referenced by Defendant was part of Audubon's performance obligations ***under the Settlement Agreement***. (*See* D.I. 37 Ex. 2 at 2) Defendant argues that terms of the engineering services were "attached" to the Settlement Agreement (D.I. 62 at 2) (citing language in Settlement Agreement), implying that the terms were separate and independent of the Settlement Agreement. The Court disagrees.

Performance of the engineering services was required by the Settlement Agreement. Therefore, all attorneys' fees and litigation expenses related to the aforementioned engineering services are recoverable under Paragraph 11 of the Settlement Agreement, and there was no need for Plaintiffs to further apportion their requested fees and expenses. (*See* D.I. 62 at 1) (listing as recoverable fees and expenses related to "any action to ***enforce***, ***interpret***, or challenge the terms of this [Settlement] Agreement") (emphasis added) Thus, the Court rejects Defendant's first ground for objection.

3. Second, regarding Defendant's objection that Plaintiffs' attorneys did not submit an oath attesting to the reasonableness of Plaintiffs' requested fees and expenses, Plaintiffs' attorney, Mr. Cordo, subsequently filed a declaration that the requested fees and expenses were reasonable. (*See* D.I. 65 Ex. A) The Court finds Mr. Cordo's declaration (D.I. 65 Ex. A) to be an acceptable representation as to the reasonableness of Plaintiffs' requested fees and expenses. Therefore, the Court rejects Defendant's second ground for objection.

4. Finally, Defendant argues that one of Plaintiffs' attorneys, Mr. Mickler, billed an excessive amount of time for his work related to this action and that his hourly rate of $300-$340 was "inappropriate" for a lawyer having about 3-6 years of experience. In *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989), the Court of Appeals for the Third Circuit explained that, when presiding over "counsel fee litigation," District Judges "must be presented with evidence and must make findings based on the evidence." *Id*. The *Bell* Court identified "affidavits" as necessary to establish facts averred by a party challenging a fee statement. In this case, Defendant has submitted no affidavit or other factual evidence in support of its objections. "Affidavits are required in such instances because statements made in briefs are

not evidence of the facts asserted." *Id*. Because Defendant has submitted no evidence to rebut Plaintiffs' affidavits supporting their statement of fees and expenses, the Court rejects Defendant's third ground for objection.

5. Plaintiffs' attorney, Mr. Cordo, declared that Plaintiffs' requested fees and expenses are reasonable and that Mr. Mickler's rates are reasonable for an attorney with his level of experience in the Wilmington area. (*See* D.I. 65 Ex. A at 2) Defendant has presented no contrary *evidence* to rebut Mr. Cordo's representations, and Mr. Cordo's representations do not appear to the Court to be facially unreasonable. Accordingly, Defendant's Objections are **OVERRULED** and Defendant shall pay Plaintiffs **$189,379.11** for attorneys' fees and litigation expenses incurred by Plaintiffs in this action.

                                                                                              _____
                                                                                              HON. LEONARD P. STARK
                                                                                              UNITED STATES DISTRICT JUDGE